Filed 3/29/16  In re Abel R. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ABEL R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ABEL R.,<br><br>    Defendant and Appellant. | G052679<br><br>(Super. Ct. No. DL050636-001)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Sheila O'Connor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Abel R. was born in the year of 2000. On February 25, 2015, at a junior high school, a security guard was monitoring activities on a basketball court when he noticed "some kids congregating," and "things got a little weird." The group of three boys were turning their heads back and forth and looking around "kind of like suspiciously." Abel was one of those boys. The security guard noticed Abel and another juvenile "shake hands and like really closely and pass something along and as they did that, they kind of again scoped around to make sure no one saw what they had done and then they stood there and both inserted their hands back in their pockets." The security guard asked the boys what was going on, and he received conflicting stories. The security guard "took the minors to the office."

According to the assistant principal, the security guard told her he saw money exchanged from one student to another while another student appeared to be acting as a lookout. The assistant principal asked Abel whether he had anything on him that he should not have, and Abel said he had marijuana. The assistant principal searched Abel's belongings and found marijuana. Abel told the assistant principal he sold some marijuana to another boy for $5, and the assistant principal found $5 on Abel.

Abel was charged with violating Health and Safety Code section 11360, subdivision (b), sale or transportation of marijuana. Defense counsel filed a motion to suppress evidence. After conducting a hearing, the juvenile court denied the motion. Abel thereafter admitted he was guilty and offered the following facts as the basis for his admission: "On 2/25/15 in Orange County I did unlawfully sell marijuana in an amount under 28.5 grams, but in a usable quantity. On 1/19/15 in Orange County I did unlawfully enter a building at 305 E. Broadway Ave., Anaheim CA, with intent to commit larceny." At the time of disposition, Abel had another open petition, and the juvenile court disposed of both at the same time. In writing, Abel stated he understood and waived his constitutional rights, but the juvenile court carefully went over those

2

rights orally with Abel in open court and determined he made a knowing and intelligent waiver of those rights. Abel was placed on probation and given hope his crimes would not impede him in the future when the juvenile court told him: "So the court is going to reduce that burglary when you went into that Boy's Club, [Abel]. I'm going to reduce that to a misdemeanor at this time on request of your attorney and, so, that's – that will keep a felony off your record." The court continued: "It would be good if you can keep all of this off your record, and I'm sure your lawyer has explained to you, if you can stay out of trouble, go to school, you know, don't violate curfew and all of the things that we're asking, you can come back in 18 months and we'll dismiss the whole case." Abel said he understood.

"[E]ducation is perhaps the most important function of state and local governments." (*Brown v. Board of Education of Topeka* (1954) 347 U.S. 483, 493.) "[T]he preservation of order and a proper educational environment requires close supervision of schoolchildren, as well as the enforcement of rules against conduct that would be perfectly permissible if undertaken by an adult." (*New Jersey v. T.L.O.* (1985) 469 U.S. 325, 339.) "School personnel, to maintain or promote order, may need to send students into and out of classrooms, define or alter schedules, summon students to the office, or question them in the hall. Yet, as the high court has observed, school officials 'are not in the business of investigating violations of the criminal laws . . . and otherwise have little occasion to become familiar with the intricacies of this Court's Fourth Amendment jurisprudence.' [Citation.] Those officials must be permitted to exercise their broad supervisory and disciplinary powers, without worrying that every encounter with a student will be converted into an opportunity for constitutional review." (*In re Randy G.* (2001) 26 Cal.4th 556, 566.)

We appointed counsel to represent defendant on appeal. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against the client, but advised the court no issues were found to argue on defendant's behalf. We have

examined the record and found no arguable issue.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was given 30 days to file written argument in defendant's own behalf. That period has passed, and we have received no communication from defendant.

The judgment is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.